UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KENT HAZELRIGG, | ) | CIV. 12-5034-JLV |
| | ) | |
| Petitioner, | ) | ORDER AFFIRMING |
| | ) | MAGISTRATE JUDGE'S |
| vs. | ) | ORDER AND DENYING |
| | ) | PETITIONER'S MOTION TO |
| | ) | APPEAL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 1, 2012, petitioner Kent Hazelrigg, appearing *pro se*, filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. (Docket 1). On June 18, 2012, Mr. Hazelrigg moved for a copy of the audio recording of his sentencing hearing. (Docket 8). Mr. Hazelrigg alleged the official transcript of the sentencing hearing failed to include statements and the "missing" statements are crucial to his § 2255 claims. Id. at p. 1. The court referred the matter to United States Magistrate Judge John E. Simko for resolution. On June 29, 2012, Judge Simko issued an order denying the motion. (Docket 14). Judge Simko found Mr. Hazelrigg was not entitled to a copy of the audio recording because an official transcript was available. Id. Mr. Hazelrigg appeals Judge Simko's ruling.[1] (Docket 17). Mr. Hazelrigg alleges the official

---

[1]The court notes Mr. Hazelrigg's appeal is untimely. "A party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Failure to timely file objections will result in a party's waiver of the right to challenge the magistrate judge's order.

transcript is deficient because (1) it did not include certain "slanderous" statements made by the prosecutor and (2) "the names of certain people who came to testify are either unidentifiable, or incorrect." Id. at p. 1.

The court finds Judge Simko's order is not clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A) (stating a party may seek reconsideration of a magistrate judge's order upon a showing the order is clearly erroneous or contrary to law).  The court reporter certified the transcript "is a true and complete transcript of [her] shorthand notes taken at said [sentencing] hearing." (Docket 555 at p. 68 in CR. 08-50062-04).  "A transcript certified by a court reporter 'shall be deemed prima facie a correct statement of the testimony taken and the proceedings had.' " United States v. Hill, 78 Fed. Appx. 223, 225, 2003 WL 22346347 at *1 (4th Cir. Oct. 15, 2003) (quoting 28 U.S.C. § 753(b)).  "A defendant's bald assertion of error is insufficient to overcome the statutory presumption that the transcript is correct." Id.

---

See id. ("A party may not assign as error a defect in the order not timely objected to.").  Judge Simko filed his order on June 29, 2012.  Objections were due July 16, 2012 (14 days plus three days for service).  Mr. Hazelrigg filed his appeal on July 19, 2012.  Due to Hazelrigg's *pro se* status, the court excuses the untimeliness and considers his appeal on the merits.  However, the court advises Mr. Hazelrigg it will not consider untimely submissions in the future absent a showing of excusable neglect.  See Fed. R. Civ. P. 6(b).  Because the excusable neglect standard is high, the court advises Mr. Hazelrigg to move for an extension of time to respond to an order or motion *before* the original time to respond expires, if an extension is required.  If Mr. Hazelrigg files the motion for extension *before* the original deadline expires, he need only demonstrate good cause for the extension, which is a lesser burden than excusable neglect.

Mr. Hazelrigg does not specify the statements he believes were omitted from the official transcript. Such nonspecific allegations will not overcome the presumption the official transcript is true and accurate. Further, the court cannot see how a prosecutor's alleged "slanderous remarks which defamed [Mr. Hazelrigg's] character," see Docket 17 at p. 1, are relevant to Mr. Hazelrigg's § 2255 claims. In his § 2255 motion, Mr. Hazelrigg asserts three grounds for relief, two of which deal solely with alleged trial errors to which the sentencing transcript is irrelevant. The only ground for relief challenging his sentence is his claim the sentencing court used "inaccurate information to set criminal history score." (Docket 1 at p. 5). Specifically, Mr. Hazelrigg alleges as follows:

> The District court erred in sentencing me by their application of inaccurate information pertaining to past criminal history, and the excess of the 15 years since I last served time on that conviction. This inaccuracy caused me to be sentenced to a longer term of incarceration. My prior conviction was over 23 years old.

Id. Any statements made by the prosecutor regarding Mr. Hazelrigg's character would have little bearing on Mr. Hazelrigg's criminal history. Similarly, any inaccuracies in the *names* of people who spoke at the sentencing hearing are of no consequence. It is their statements the sentencing court considered, and Mr. Hazelrigg claims no error in the transcription of those statements. Further, the court cannot see how the statements had any bearing on Mr. Hazelrigg's criminal history. Because Mr. Hazelrigg failed to overcome the statutory

presumption the official transcript is correct and because the alleged omissions or inconsistencies are irrelevant to Mr. Hazelrigg's § 2255 claims, it is hereby

ORDERED that Judge Simko's order (Docket 14) is affirmed and Mr. Hazelrigg's appeal (Docket 17) is denied.

Dated July 31, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE