UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KENT HAZELRIGG,<br><br>                   Plaintiff,<br><br>        vs.<br><br>UNITED STATES OF AMERICA,<br><br>                   Defendant. | CIV. 12-5034-JLV<br><br><br>ORDER |

## INTRODUCTION

Petitioner Kent Hazelrigg is in the custody of the Federal Bureau of Prisons and is currently residing at the Community Alternatives of the Black Hills in Rapid City, South Dakota.   Mr. Hazelrigg filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.   (Docket 1).   The government moved to dismiss the petition.   (Docket 35).   Mr. Hazelrigg opposed the motion.   (Docket 51).   Pursuant to a standing order of March 18, 2010, the matter was referred to United States Magistrate Judge John E. Simko in accord with 28 U.S.C. § 636(b)(1)(B).   Judge Simko issued a report recommending the court grant the government's motion to dismiss and that Mr. Hazelrigg's petition be denied with prejudice, without a hearing, and that no certificate of appealability be issued. (Docket 60).   The court granted Mr. Hazelrigg multiple extensions to file objections to the report and recommendation.   (Dockets 62, 64, 69, 74 & 77).[1]

---

[1]The court denied three other non-dispositive motions of Mr. Hazelrigg in this case.   See Dockets 19 (affirming the magistrate judge's denial of Mr. Hazelrigg's motion for a copy of the audio recording of his sentencing hearing); 49 (The magistrate judge denied Mr. Hazelrigg's motions for discovery.); and 72 (The court denied Mr. Hazelrigg's motion seeking the recusal of this court and the magistrate judge.).

On February 3, 2015, Mr. Hazelrigg filed his objections.   (Docket 78).   The government did not file any objections.   For the reasons stated below, Mr. Hazelrigg's objections are overruled and the report and recommendation is adopted.

**DISCUSSION**

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.   Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(l).   The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Hazelrigg objects to the report and recommendation.   The objections are best organized under the following titles:

1. Procedural default;

2. Trial strategy;

3. Failure to edit the audio tape;

4. Inability to confront accusers;

5. Prosecutorial misconduct and misstatement of evidence;

6. Inaccurate information at sentencing;

7. Use of perjured testimony and improper cross-examination; and

8. Miscellaneous objections

(Docket 78).   Each category of petitioner's objections is separately addressed.

## 1.    Procedural Default

Without duplicating the magistrate judge's analysis regarding the "cause and prejudice" exception to a procedurally defaulted claim (Docket 60 at pp. 4, 13-16), the court notes a defendant can raise a procedurally defaulted claim in a habeas petition "only if [he] can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.' "   Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).   Mr. Hazelrigg, without referencing a specific claim, asserts "[i]neffective assistance of counsel is sufficient to establish the cause and prejudice necessary to overcome a procedural default."   (Docket 78 at p. 3).   The court agrees with this general proposition.

> If a procedural default is the result of ineffective assistance of trial or direct appeal counsel, in a matter external to the defense and imputed to the state, the Sixth Amendment requires that the default be excused. . . . In such an instance, constitutionally deficient performance of appellate counsel is 'cause' to forgive a procedural default.

Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986), *superseded by statute on other grounds* (Antiterrorism and Effective Death Penalty Act of 1996)).

However, the Supreme Court also determined "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486.   The Court went on to articulate:

> So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in

> Strickland v. Washington,] 466 U.S. 668 (1984)] . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.   Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some *objective factor external to the defense* impeded counsel's efforts to comply with the State's procedural rule.   Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials made compliance impracticable would constitute cause under this standard.

Murray, 477 U.S. at 488 (internal quotation marks and citations omitted) (emphasis added).

Mr. Hazelrigg did not bring an ineffective assistance of counsel claim against his appellate counsel only his trial counsel, Terry Pechota.   (Docket 78 at p. 3).   The court finds Mr. Pechota's representation not to be constitutionally ineffective.   See infra   Mr. Hazelrigg failed to show an objective factor external to his defense prevented him from raising the applicable issues on appeal.   In short, the court concurs with the magistrate judge's analysis on issues related to Mr. Hazelrigg's procedurally defaulted claims.   Mr. Hazelrigg's objections to the report and recommendation are overruled.

**2.   Trial Strategy**

Mr. Hazelrigg makes several assertions claiming that Mr. Pechota provided him with ineffective assistance of counsel.   Mr. Hazelrigg asserts all the elements of the offense for which he was convicted, conspiracy to distribute methamphetamine (CR. 08-50062-04-KES, Docket 437), were established only

by Alysia Herrick's perjured testimony and Mr. Pechota failed to defend him from her lies.   (Docket 78 at pp. 3-4).   Mr. Hazelrigg claims he was held responsible for the actions of Ms. Herrick and Dean Korth and evidence tarnishing his reputation was improperly admitted under Fed. R. Evid. 403 and 404.   Id. at 4. Mr. Hazelrigg argues Mr. Pechota failed to present a transcribed audio statement of David Eric Johnson dated April 11, 2008.   Id.

Mr. Hazelrigg's objection that Mr. Pechota's counsel was ineffective because there was insufficient evidence to establish his guilt of conspiracy to distribute methamphetamine is unavailing.   The United States Court of Appeals for the Eighth Circuit already determined there was sufficient evidence to prove the elements of the offense beyond a reasonable doubt.   United States v. Hazelrigg, 422 F. App'x 556, 559 (8th Cir. 2011).   It is well-established that issues raised and rejected on direct appeal may not be re-litigated in a § 2255 petition.   See United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam) (citing English v. United States, 998 F.2d 609, 612-13 (8th Cir. 1993), cert. denied, 510 U.S. 1001 (1993)).   Mr. Hazelrigg's ineffective assistance of counsel allegations which rely on the assertion there was insufficient evidence to support Mr. Hazelrigg's conviction fail.

Mr. Hazelrigg's objection to the magistrate judge's conclusion Mr. Pechota could not be faulted for his decision not to call Shaun Huckaby, Justin Bickle, Curt Romanyshyn or Mr. Korth as trial witnesses also misses the mark.   An attorney's "tactical decision[s] enjoy[] a strong presumption of reasonableness."

5

Link v. Luebbers, 469 F.3d 1197, 1204 (8th Cir. 2006).   "[S]trategic decisions [are] virtually unchallengeable unless they are based on deficient investigation . . . ."   Id.   The Eighth Circuit has consistently held that "a defense counsel's decision not to call a witness is a 'virtually unchallengeable decision of trial strategy.'"   United States v. Orr, 636 F.3d 944, 955 (8th Cir. 2011) (internal quotation marks and further citations omitted) (quoting United States v. Watkins, 486 F.3d 458, 465) (8th Cir. 2007), cert. granted, judgment vacated, 552 U.S. 1091 (2008) and opinion reinstated in part, 276 F. App'x 523 (8th Cir. 2008).

Mr. Hazelrigg's concern he may be held responsible for the actions of Huckaby, Bickle, Romanyshyn or Korth lends credence to Mr. Pechota's decision not to call them as witnesses at trial.   The jury convicted Mr. Hazelrigg for his own actions—not the actions of others.   The magistrate judge's reference to the circumstances surrounding these persons in his report and recommendation was merely to demonstrate Mr. Pechota's likely rationale in not calling them as witnesses at trial.   Contrary to Mr. Hazelrigg's assertions, there is evidence he knew Mr. Korth to be a user of methamphetamine from the prosecutor's cross-examination:

> Q.   You know both of them [Mr. Korth and Mr. Romanyshyn] to be methamphetamine users, don't you? You can say it. Don't look at Mr. Pechota; just answer the question.
>
> A.   I am sure they do. I don't use with them.
>
> Q.   How do you know that?

6

A.   Huh?

Q.   How do you know?

A.   I have been at parties up at the rally with them.

Q.   So you know that they use methamphetamine?

A.   Yes.

(TT Vol. II at p. 451).[2]

The court, without replicating Judge Simko's analysis, finds Mr. Pechota's decision not to call Shaun Huckaby, Justin Bickle, Curt Romanyshyn, David Eric Johnson and Dean Korth to fall within the wide range of acceptable professional assistance.   See United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 689) (internal quotation marks omitted).   Mr. Hazelrigg's objection is overruled.

_____

[2]The court refers to the transcripts of Mr. Hazelrigg's trial as "TT" followed by the volume number (there are three volumes and one separate transcript documenting *voir dire* and the reading of the preliminary jury instructions) and the page number(s) as identified by the transcript where the cited information may be found.   For example, the citation "TT Vol. II at p. 451" references information found in Volume II on page 451.

The court notes the report and recommendation at times references the incorrect transcript volume number while citing to the correct page number. See, e.g., Docket 60 at pp. 6-7 (citing to information found on transcript page numbers located within Volume II as being found in Volume III).   The court attributes this minor confusion to the fact that the transcript containing *voir dire* and the reading of the jury instructions was unnumbered and was filed in the court's online docket after the first volume of transcripts.   Compare CR. 08-50062-04-KES, Dockets 472 at p. 1, with Docket 471 at p. 1.   For purposes of consistency, the court references the transcript volume number as identified in the court's online docket.

Mr. Hazelrigg clarified his criticism of Mr. Pechota's failure to offer an affidavit of an unidentified coconspirator.   Mr. Hazelrigg asserts he meant to reference portions of an April 11, 2008, transcribed interview between David Eric Johnson and law enforcement officers.   See Dockets 78 at p. 4; 79-3.   The statements contained in the transcript of Mr. Johnson's interview with law enforcement officers constitute inadmissible hearsay, i.e., an out-of-court statement offered for the truth of the matter asserted.   The transcript was not admissible under Fed. R. Evid. 801(c) and 802.   See Cabaniss ex rel. Estate of Cabaniss v. City of Riverside, 497 F. Supp. 2d 862, 876 (S.D. Ohio 2006) (finding that the transcript of a third-party police interview to constitute inadmissible hearsay), aff'd sub nom. Cabaniss v. City of Riverside, 231 F. App'x 407 (6th Cir. 2007); Cf. Walker v. Wayne Cnty., Iowa, 850 F.2d 433, 434-35 (8th Cir. 1988) (Interviews in police report constituted inadmissible hearsay.).

The court is unable to discern from the six-page excerpt of the transcripts whether Mr. Johnson was under oath during the interview.[3]   The court agrees with the magistrate judge that in light of Mr. Hazelrigg's admission that Mr. Johnson had been convicted of a methamphetamine offense, Mr. Pechota's decision not to call Mr. Johnson as a witness cannot be faulted.[4]   (TT Vol. II at p.

---

[3]The court also is cognizant that law enforcement interviews are often not reported verbatim.

[4]The court notes Mr. Johnson, in the six-page transcript excerpt provided by Mr. Hazelrigg, gave conflicting narratives of his interactions with Ms. Herrick and Mr. Hazelrigg.   (Docket 79-3).

465) (Mr. Hazelrigg knew Mr. Johnson had been convicted and served time in prison for a drug offense involving methamphetamine); see also Docket 60 at p. 6.   Mr. Pechota's decision not to seek the admission of excerpts of Mr. Johnson's April 11, 2008, interview with law enforcement was a reasonable trial strategy.   Mr. Hazelrigg's objection is overruled.

Mr. Hazelrigg asserts, without specifying, that his reputation was tarnished at trial in violation of Fed. R. Evid. 403 and 404.   Without more information, the court cannot discern how Mr. Pechota's trial strategy tarnished Mr. Hazelrigg's reputation.   Mr. Hazelrigg did not make a Fed. R. Evid. 403 or 404 argument in this regard in either his initial or amended petition and the period in which to do so has expired.   See 28 U.S.C. § 2255(f); see also United States v. Hernandez, 436 F.3d 851 (8th Cir. 2006) (explaining the applicability of Fed. R. Civ. P. 15 and the relation back doctrine in § 2255 proceedings.   A § 2255 petition is not the proper avenue by which to complain about a simple trial error.   Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) (citations omitted).   Furthermore, "the cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal."   Id.   Mr. Hazelrigg's objection to the report and recommendation is overruled.

**3.   Failure to Edit the Audio Tape**

Mr. Hazelrigg objects to the magistrate judge's determination he was not prejudiced by Mr. Pechota's failure to edit an audio tape of telephone calls

9

containing threatening messages allegedly made to him by Sean Herrick, the brother of Alysia Herrick.   (Dockets 78 at pp. 5-6; 60 at p. 7).   Mr. Hazelrigg claims Mr. Pechota violated his right to a speedy trial and violated his Fifth Amendment right against self-incrimination by having him testify without having edited the audio tape, and defrauded him of $10,000.   (Docket 78 at pp. 5-6). Mr. Hazelrigg asserts Mr. Pechota's receipt of $33,284.23 from the government demonstrates Mr. Pechota was not working for him.   Id. at 6.

Mr. Hazelrigg's objections are unfounded.   Mr. Hazelrigg says the editing and playing of the tape to the jury was a central part of his agreement to pay $10,000 and hire Mr. Pechota as his attorney.   Id. at 5-6.   The audiotape, which was not edited to remove unrelated messages, was received into evidence by District Judge Karen Schreier.   (TT. Vol II. at pp. 440-41, 489).   The jury was allowed to hear the threatening messages selected by Mr. Pechota, but Judge Schreier did not allow the tape to go back to the jury room.   Id.   Mr. Hazelrigg also testified about the calls, their substance, their frequency and how the calls made him feel.   Id. at 435-38.

Mr. Hazelrigg has not demonstrated how any portion of the audio tape which was not heard by the jury was different from the portions heard by the jury.   See id. at 489.   Mr. Hazelrigg has not shown his defense was prejudiced by Mr. Pechota's failure to edit the audio tape.   See Bucklew v. Luebbers, 436 F.3d 1010, 1020 (8th Cir. 2006) (Failure to present cumulative evidence does not satisfy the prejudice requirement of Strickland.).

Mr. Hazelrigg's assertion Mr. Pechota did not properly spend the alleged $10,000 retainer fee also fails to establish that he was prejudiced.   Mr. Pechota received a $33,284.23 payment for his representation of Mr. Hazelrigg in the form of a Criminal Justice Act voucher.   CR. 08-50062-04-KES, Docket 560 (Eighth Circuit Chief Judge Riley noted that "[t]o his credit, Mr. Pechota did far more than provide attorney services.").

Mr. Hazelrigg generally argues Mr. Pechota violated his rights to a speedy trial and Fifth Amendment protection against self-incrimination.   Mr. Hazelrigg did not raise these claims in either his original motion (Docket 1) or his amended motion.   (Docket 25).   The time to add new claims to his § 2255 petition has long since expired.   See 28 U.S.C. § 2255(f).   Mr. Hazelrigg did not seek to further amend his motion pursuant to Fed. R. Civ. P. 15 despite having already demonstrated the ability to do so.   See Docket 25; see also Hernandez, 436 F.3d at 856-58 (explaining the applicability of Fed. R. Civ. P. 15 and the relation back doctrine in § 2255 cases).[5]   Additionally, Mr. Hazelrigg's allegations are not supported by the facts in the record.   With regard to the Fifth Amendment claim, Mr. Hazelrigg chose to testify and articulately described the threats on the tape and how they made him feel.   (TT. Vol II. at 435-38).

With regard to the speedy trial claim, Mr. Hazelrigg does not assert Mr. Pechota should have moved for the dismissal of his indictment or superseding

---

[5]Mr. Hazelrigg has demonstrated a pattern of alleging new ineffective assistance of counsel claims when responding to the legal arguments of others. See supra Part 2; Compare Dockets 1 and 25, with Dockets 51, 51-1 and 78.

11

indictment, but rather Mr. Pechota, himself, violated his speedy trial rights by continuing the trial for nineteen months without Mr. Hazelrigg's authority. (Docket 78 at p. 6).   A brief recitation of the relevant timeline in Mr. Hazelrigg's criminal cases demonstrates that his conclusory allegations are not supported by the facts.

Mr. Hazelrigg was originally indicted on May 22, 2008, in CR. 08-50047-RHB.   (Docket 1).   Attorney Susan Marske was originally appointed to represent him on June 3, 2008, the date of his arrest.   Id., Docket 4.   On July 29, 2008, Ms. Marske moved to withdraw as counsel for Mr. Hazelrigg because he had retained Terry Pechota.   Id., Docket 17.   The court granted Ms. Marske's motion.   Id., Docket 18.   On August 1, 2008, Mr. Pechota moved for a continuance on Mr. Hazelrigg's behalf to conduct further discovery.   Id., Docket 19.   The court granted the motion.   Id., Docket 21.   On September 29, 2008, Mr. Pechota filed a motion for a continuance, along with Mr. Hazelrigg's waiver of speedy trial rights, requesting additional time to secure discovery and investigate the case.   Id., Dockets 29 & 30.   The court granted the continuance.   Id., Docket 31.

On November 12, 2008, Mr. Pechota filed a motion for a continuance, along with Mr. Hazelrigg's waiver of speedy trial rights, requesting additional time for further investigation and to prepare for trial.   Id., Dockets 32 & 33. The court granted the continuance.   Id., Docket 35.   On January 1, 2009, Mr. Pechota filed a motion for a continuance, along with Mr. Hazelrigg's waiver of

12

speedy trial rights, citing the need for additional time to consider the government's plea offer.  Id., Dockets 42 & 44.   The court granted the continuance.  Id., Docket 43.   On March 2, 2009, Mr. Pechota filed a motion for a continuance, which contained a representation that Mr. Hazelrigg consented to waive his speedy trial rights, citing the need to review discovery, interview witnesses and await the resolution of a related criminal case.  Id., Docket 61. The court granted the continuance.  Id., Docket 63.   On April 27, 2009, Mr. Pechota filed a motion for continuance because another client of his was scheduled for a trial on the same date as Mr. Hazelrigg's trial.  Id., Docket 75. The court granted the continuance.  Id., Docket 76.

On April 29, 2009, Mr. Pechota moved to withdraw as counsel for Mr. Hazelrigg because Mr. Hazelrigg retained Monica Colbath to represent him.  Id., Docket 80.   The court granted the motion.  Id., Docket 81.   On May 25, 2009, Ms. Colbath filed a motion for a continuance requesting additional time to prepare for trial because Mr. Hazelrigg recently retained her and he was recently charged in a superseding indictment.  Id., Docket 85.   The court granted the motion.  Id., Docket 86.

On May 19, 2009, Mr. Hazelrigg was charged in a superseding, multi-defendant indictment in CR. 08-50062-04-KES.   (Docket 165).   On July 2, 2009, Ms. Colbath was terminated as Mr. Hazelrigg's attorney, and Mr. Pechota was appointed as his attorney under the Criminal Justice Act.  Id., Docket 203.   On July 20, 2009, Mr. Pechota moved for a continuance citing his

13

recent appointment and the need to prepare for the new charges in the superseding indictment brought against Mr. Hazelrigg.   (Docket 218).   The court granted the motion.   Id., Docket 222.   On September 21, 2009, the court granted a codefendant's motion for a continuance, which Mr. Hazelrigg did not oppose, and scheduled Mr. Hazelrigg's trial for November 3, 2009.   Id., Docket 327.   Mr. Hazelrigg's trial began on November 3, 2009, and the jury returned a guilty verdict on November 5, 2009.   Id., Docket 437.

Mr. Hazelrigg was represented by three attorneys in two criminal cases with an indictment and a superseding indictment.   Mr. Hazelrigg filed several waivers of his speedy trial rights.   Judge Schreier set forth her reasons for granting each continuance.   "Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant *or his counsel*" is excluded from defendant's speedy trial calculation.   18 U.S.C. § 3161(h)(1)(7)(A). More is required than a conclusory allegation that Mr. Pechota violated his right to a speedy trial.   Mr. Hazelrigg failed to demonstrate he was prejudiced by the continuances.   Mr. Hazelrigg's objections to the report and recommendation are overruled.

### 4.   Inability to Confront Accusers

Mr. Hazelrigg objects to the magistrate judge's determination he was not prejudiced by Mr. Pechota's failure to call DCI Agent Jeff Goble to testify on a matter involving the credibility of Alysia Herrick.   (Docket 78 at pp. 6-7).   Mr. Pechota's stated intention to call Agent Goble was to inquire about his decision

not to use Ms. Herrick as an undercover informant wearing a wire because she was on state parole.   (TT Vol. II at pp. 367-68).   Although Judge Schreier indicated Mr. Pechota would be allowed to call Agent Goble and pursue this line of questioning to demonstrate Ms. Herrick's bias, id., Mr. Pechota ultimately did not call Agent Goble as a witness.   However, Alysia Herrick previously told the jury she was on parole when she met Mr. Hazelrigg and was in state prison in North Dakota prior to coming to Rapid City.   (TT Vol I at pp. 128, 156-58). Counsel's failure to call witnesses because their testimony would have been cumulative does not satisfy the prejudice requirement in Strickland.   Luebbers, 436 F.3d at 1020.

Mr. Pechota cross-examined Ms. Herrick and vigorously attacked her credibility in his closing argument.   See TT Vol I at pp. 193 to TT Vol. II at p. 282, TT Vol. II at pp. 292-96; TT Vol. III at pp. 540, 543, 547-553, 555, 556-57.   The court cannot conclude counsel's "performance was outside 'the wide range of reasonable professional assistance' guaranteed by the Sixth Amendment." Luebbers, 436 F.3d at 1020 (quoting Strickland, 466 U.S. at 689).   The court will not second guess Mr. Pechota's trial strategy.   Luebbers, 469 F.3d at 1204 ("[S]trategic decisions [are] virtually unchallengeable . . . .").   Finally, other than casting aspersions on the honesty of Agent Goble and Mr. Pechota, Mr. Hazelrigg failed to demonstrate he was prejudiced by Mr. Pechota's decision not to call Agent Goble as a witness.

Mr. Hazelrigg briefly insinuates he was not responsible for fifty or more grams of a substance containing a detectable amount of methamphetamine. (Docket 78 at p. 7).   This assertion is directly contradicted by the jury's verdict in his criminal case.   CR. 08-50062-04-KES, Docket 437 at p. 2.   The Eighth Circuit upheld his conviction on appeal and concluded "a reasonable jury could find beyond a reasonable doubt that Hazelrigg conspired to distribute methamphetamine." Hazelrigg, 422 F. App'x at 559.   The Eighth Circuit rejected Mr. Hazelrigg's claim on direct appeal and he may not re-litigate the issue in his § 2255 petition.   See United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) (citations omitted); McGee, 201 F.3d at 1023.   Mr. Hazelrigg's objections to the report and recommendation are overruled.

**5.     Prosecutorial Misconduct and Misstatement of Evidence**

Mr. Hazelrigg raises several overlapping objections relating to alleged prosecutorial misconduct that occurred in closing arguments, including the prosecutor's reference to a "scoundrel['s] lie," Mr. Pechota's failure to object to the prosecutor's statements and an insufficiency of the evidence to support his conviction.   (Docket 78 at pp. 8-11).   Because the objections are interrelated, the court addresses each in this section.

The magistrate judge's analysis of Mr. Hazelrigg's prosecutorial discretion claim is thorough and well-reasoned.   The court agrees with the analysis and will not duplicate it as Mr. Hazelrigg's objections are primarily personal attacks on Mr. Pechota, government counsel and the magistrate judge.   See id. at 8-11.

16

To the extent Mr. Hazelrigg argues there was insufficient evidence to support his conviction, id. at 9-10, the Eighth Circuit held to the contrary, Hazelrigg, 422 F. App'x at 559, and Mr. Hazelrigg is precluded from raising the issue in his § 2255 petition.   See Wiley, 245 F.3d at 752.

With regard to Mr. Hazelrigg's objection to government counsel's use of the term "scoundrel lie," the court agrees with the magistrate judge's interpretation of the colloquy.   (Docket 60 at p. 11 n.2).   In this context, government counsel used the term "scoundrel's lie" to refer to Alysia Herrick's, Chris Kujawa's and Mr. Hazelrigg's desire to protect themselves and the identities of their friends and drug dealers when questioned by law enforcement personnel.   See TT Vol III at pp. 561-62.   Government counsel used "scoundrel's lie" as a colorful pejorative to provide the jury with a reasonable interpretation of the evidence to use when assessing the credibility of Ms. Herrick, Mr. Hazelrigg and Mr. Kujawa.   See United States v. Eagle, 515 F.3d 794, 805 (8th Cir. 2008) ("[A] prosecutor may use 'colorful pejoratives' and argue a personal interpretation of the evidence.") (citations omitted); United States v. Karam, 37 F.3d 1280, 1289 (8th Cir. 1994) ("Prosecutors, however, are entitled to argue reasonable inferences to be drawn from the facts in evidence during closing arguments.") (citations omitted).   On this basis, the court will not second guess Mr. Pechota's calculated decision not to object to government counsel's closing argument.   See Docket 29 at p. 4. Mr. Hazelrigg's objections to the magistrate judge's report are overruled.

**6.     Inaccurate Information at Sentencing**

Mr. Hazelrigg does not object to the magistrate judge's determination his twenty-three year old conviction was not used to calculate his criminal history score.   Rather, Mr. Hazelrigg asserts for the first time that Judge Schreier incorrectly calculated his sentencing guideline range by adding a two-level adjustment for obstruction of justice.   (Docket 78 at pp. 11-12).   Mr. Hazelrigg's newfound challenge to his sentencing guideline range is procedurally defaulted.   "Claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion."   United States v. Hamilton, 604 F.3d 572, 574 (8th Cir. 2010) (citing Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998); see also Auman v. United States, 67 F.3d 157, 160-61 (8th Cir. 1995) ("[A] Sentencing Guideline claim is not properly brought under section 2255, but should have been raised on direct appeal.").

The court notes Judge Schreier did not simply add a two-level guideline adjustment for obstruction of justice because Mr. Hazelrigg testified at trial. Judge Schreier conducted her own independent evaluation before determining Mr. Hazelrigg committed perjury.   CR. 08-50062-04-KES, Docket 555 at pp. 13-17; see also United States v. Flores, 362 F.3d 1030, 1037-39 (8th Cir. 2004). Mr. Hazelrigg's claim is denied.

**7.     Use of Perjured Testimony and Improper Cross-Examination**

Mr. Hazelrigg objects to the magistrate judge's determination that his claim of prosecutorial misconduct due to government counsel securing his conviction through Ms. Herrick's allegedly perjured testimony was precluded by the Eighth Circuit's rejection of the same claim on direct appeal.   (Docket 78 at pp. 12-13).   The Eighth Circuit considered and explicitly rejected Mr. Hazelrigg's argument that there was insufficient evidence to convict him because Ms. Herrick was a self-professed liar.   Hazelrigg, 422 F. App'x at 559.   The Eighth Circuit held "to the extent Hazelrigg assails Herrick's credibility, we reject that argument."   Id. at 559 n.2.   Claims raised and rejected on direct appeal may not be re-litigated in a § 2255 petition.   McGee, 201 F.3d at 1023.   Mr. Hazelrigg's objections to the report and recommendation are overruled.

Mr. Hazelrigg asserts a claim of prosecutorial misconduct based on government counsel asking him whether he was lying when his answer regarding the sealing of his urine sample conflicted with the account given by a government witness, Agent Schultz.   See Docket 51-1 at pp. 60-73.   The magistrate judge determined Mr. Hazelrigg's claim was both procedurally defaulted and insufficient to justify § 2255 relief.   (Docket 60 at pp. 13-16).[6]   Mr. Hazelrigg objects.   (Docket 78 at pp. 13-14).   Mr. Hazelrigg makes many unsupported

---

[6]The line of questioning can be found at (TT Vol II at pp. 475-76). Government counsel asked Mr. Hazelrigg if Agent Schultz was lying three times. Id. at 476.   After the third inquiry, Mr. Pechota objected and Judge Schreier sustained the objection.   Id.   Government counsel did not return to the subject.

personal attacks against government counsel and asserts his claim is not procedurally defaulted because his appellate counsel failed to address the issue on appeal and because government counsel lacked integrity.   (Docket 78 at p. 13).   Mr. Hazelrigg further asserts the line of questioning constitutes the admission of "highly prejudicial 404(b) evidence."   Id. at 13-14.

The court disagrees.   The magistrate judge's analysis of Mr. Hazelrigg's claim is thorough, and the court will not replicate it.   Mr. Hazelrigg's claim is procedurally defaulted as he could have raised the issue on direct appeal but did not.   See supra Part 1, (Docket 60 at pp.13-15); see also Anderson, 25 F.3d at 706 ("[T]he cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal.") (citing Brennan v. United States, 867 F.2d 111, 120 (2d Cir. 1989) (further citations omitted).

Government counsel's questions regarding the inconsistencies between the testimony of Agent Schultz and Mr. Hazelrigg did not constitute character evidence under Fed. R. Evid. 404.   Statements of attorneys are not evidence, and the jury received instruction on this issue.   CR. 08-50062-04-KES, Docket 426 at p. 8 (defining evidence).   Mr. Hazelrigg received a fair trial.   United States v. Longie, 984 F.2d 955, 960 (8th Cir. 1993) ("A defendant is not entitled to a perfect trial, but to a fair trial.").   "Pointing out the obvious most likely scored the government, at most, rhetorical points."   United States v. Sullivan, 85 F.3d 743, 750 (1st Cir. 1996).   The Eighth Circuit held that four "mistaken or

20

lying" questions "were not so prejudicial as to affect the outcome of the trial." United States v. Foreman, 588 F.3d 1159, 1164 (8th Cir. 2009).   Government counsel asked Mr. Hazelrigg three "mistaken or lying" questions and did not return to the topic after Mr. Pechota's objection.   See TT Vol. II at p. 476.   The questions did not affect the outcome of Mr. Hazelrigg's trial.   Mr. Hazelrigg's objections to the report and recommendation are overruled.

## 8.   Miscellaneous Objections

Mr. Hazelrigg briefly objects to the magistrate judge's recommended dismissal of his ninth, tenth and eleventh claims.   Compare Docket 78 at pp. 14-15, with Docket 60 at pp. 16-18.   The court concurs with the magistrate judge's analysis of these claims.   Mr. Hazelrigg's objections are without merit and do not alter the magistrate judge's analysis.   Mr. Hazelrigg's objections are overruled.

Finally, Mr. Hazelrigg asserts the court must consider the "78 issues, 36 issues showing ineffective counsel, pages 1-36, 20 issues of prosecutorial misconduct, pages 37-78."   (Docket 78 at p. 14) (referencing Docket 51 and its attachments, Mr. Hazelrigg's response to the government's motion to dismiss). The magistrate judge and this court have addressed all of the issues raised by Mr. Hazelrigg in his initial § 2255 petition and those portions of his motion to amend which are cognizable in a § 2255 petition.   See Dockets 1, 25 & 28. Many of the arguments supporting Mr. Hazelrigg's claims that the court considered are contained in the referenced pages.   The court concurs with the

21

magistrate judge (Docket 60 at p. 5 n.4) that Mr. Hazelrigg's claims raised for the first time in his response to the government's motion to dismiss his § 2255 petition were time barred, see 28 U.S.C. § 2255(f).   Mr. Hazelrigg did not seek to amend his petition in accord with Fed. R. Civ. P. 15, despite having previously amended his § 2255 petition, and Mr. Hazelrigg failed to satisfy the "time and type" showing necessary for claims in an amended motion to relate back to those raised in the original motion.   Hernandez, 436 F.3d at 856-58; See supra Part 1 & 3.   Mr. Hazelrigg's objection is overruled.

## ORDER

The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable case law.   The court further finds Judge Simko's legal analysis is well-reasoned.   Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that Mr. Hazelrigg's objections (Docket 78) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 60) is adopted in full with the exception of the clerical notation described in footnote two.

IT IS FURTHER ORDERED that the government's motion to dismiss (Docket 35) is granted.

IT IS FURTHER ORDERED that Mr. Hazelrigg's petition (Docket 1) is dismissed with prejudice.

22

IT IS FURTHER ORDERED that Mr. Hazelrigg's motions to expedite (Dockets 52, 53, 55 & 80) are denied as moot.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, the court declines to issue a certificate of appealability.   A certificate may issue "only if the applicant has made a *substantial showing* of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2) (emphasis added).   A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).   In other words, a "substantial showing" is made if a "court could resolve the issues differently, or the issues deserve further proceedings."   Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Mr. Hazelrigg has not made a substantial showing of the denial of a constitutional right.

Although the court declines to issue a certificate of appealability, Mr. Hazelrigg may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.   See Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated September 26, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

23